IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-464-DCK

| | |
|---|---|
| SEAN P. ENCK, ) | |
| ) | |
| Plaintiff, ) | **CONSENT PROTECTIVE** |
| ) | **ORDER** |
| v. ) | |
| ) | |
| MCI COMMUNICATIONS SERVICES LLC, ) | |
| d/b/a VERIZON BUSINESS GROUP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Consent Protective Order" (Document No. 11) filed October 19, 2023. Having carefully considered the motion and the record, the undersigned grants the motion and enters the parties' proposed Protective Order as follows.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and upon stipulation of the parties, as evidenced by the endorsement of counsel herein, and with the concurrence of the Court:

1. Whereas Plaintiff's Complaint includes claims arising from his employment with Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (1990) ("ADA"), and allegations relating to his medical and financial information.

2. Whereas the parties represent to the Court that it will be necessary for both parties to utilize documents containing personal, confidential, and/or proprietary information, including medical and tax information regarding Plaintiff, Defendant's proprietary business information, information regarding current and former employees of Defendant, or other confidential

information in which Plaintiff or Defendant has a legitimate interest in protecting from public disclosure.

3. Whereas the Court concurs that the parties have an important interest in protecting the confidentiality of that information given its sensitive, proprietary, and personal nature.

**IT IS, THEREFORE, ORDERED** that:

4. Plaintiff may designate as "Confidential" any document or information he produces or receives in this matter which contains information regarding medical information, tax or wage records, or other sensitive financial or personal information.

5. Defendant may designate as "Confidential" any document or information it produces or receives in this matter which contains proprietary business information or other confidential information in which Defendant have a legitimate interest in protecting from public disclosure, including but not limited to information regarding current or former employees of Defendant.

6. Any document or information designated as "Confidential" shall be used by the parties only in connection with the above-captioned action and shall not be disclosed to, or used by, any person other than those identified hereafter under the conditions and limitations described herein.

7. Any document or information designated as "Confidential" may only be disclosed by either party to:

    a. the Court, as long as such document or information is filed under seal and the Clerk is hereby directed to accept such documents or information under seal;

    b. counsel of record in this action and their client(s);

    c. law clerks, paralegals, legal assistants, stenographic and clerical employees of the parties' counsel who are assisting in the prosecution or defense of this matter and are operating under the direct supervision of counsel;

> d. consulting or trial experts working on behalf of one of the parties for the purposes of this litigation;
>
> e. court reporters and support personnel of such court reporters retained in connection with depositions taken;
>
> f. any mediator engaged by the parties to this action; and
>
> g. a witness or deponent in this action when the Confidential information is related to the witness or deponent's testimony or knowledge of the matters in this lawsuit and the witness or deponent agrees to the terms of this Order.

8. Any document designated as "Confidential" must be clearly marked by the designating party with the ledger "CONFIDENTIAL" printed on each page of the document.

9. If any "Confidential" document or information is used during a deposition, parties may designate the portion of the transcript (including exhibits) that contains "Confidential" material by making a statement to such effect on the record in the course of the deposition, or by designating as "Confidential" any portions of the transcript (including exhibits thereto) by written notice to the other party's counsel within twenty (20) days following receipt of the transcript of such deposition.

10. Any person to whom either party discloses documents or information pursuant to this Order shall receive or be shown a photocopy of this Order and shall agree to abide by its provisions.

11. Each person examining any information or document designated as "Confidential" and disclosed by either party hereby agrees to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of any violation of this Order.

12. No person who examines any document or information designated "Confidential" and disclosed by either party shall disseminate orally, in writing, or by any other means the

3

document or any information contained therein to any other person not also authorized to examine the document or information.

13. All documents and information designated as "Confidential" shall retain that designation and shall remain subject to this Order until such time, if ever, as the Court renders a decision that the document or information designated as "Confidential" shall not be covered by the terms of this Order and all proceedings and appeals challenging such decisions have been concluded.

14. Upon request, no later than thirty (30) days after this Court (or subsequent appellate court, whichever is later) enters a Final Order in this action, each party shall retrieve all copies of materials designated "Confidential" from its own files and shall retrieve all copies of materials designated "Confidential" which it has given to any expert, and shall do one of the following: (1) return the materials, including all copies thereof, to the party which designated the materials "Confidential"; (2) certify in writing to the party which designated the materials "Confidential" that all such materials have been destroyed; or (3) certify in writing to the party which designated the materials "Confidential" that all such materials have been retained only by the attorneys appearing in this action and have been segregated from the other information and used for no purposes other than to preserve a record of this litigation.

15. If a party objects to a "Confidential" designation under this Order, the objecting party shall notify the designating party in writing. The party designating the material as "Confidential" shall then have the burden of demonstrating the basis for such designation. Within ten (10) business days of the receipt of such written notice, or at such other time as agreed upon by counsel for the parties, counsel for the designating party and the objecting party shall confer in an effort to resolve their differences. If the parties cannot resolve their disagreement, the objecting party may apply to

4

the Court for a ruling on the designating party's designation of "Confidential," and the designating party will continue to bear the burden of proving that the materials at issue are entitled to Confidential status. While any such application is pending, the documents or materials subject to that application will remain Confidential. Nothing in this Order shall be construed as preventing any party from objecting to the designation of any documents as Confidential or preventing any party from seeking further protection for any material it produces in discovery.

16. If at any time a party discovers that it produced information that it reasonably believes is subject to protection under the attorney/client privilege, work-product doctrine, or other applicable privileges and protections, then it must promptly notify the receiving party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5). Whenever possible, the producing party must produce substitute information that redacts the information subject to the claimed protection. The party receiving such protected information must thereupon comply with Fed.R.Civ.P. 26(b)(5) as to the information subject to the claimed protection. Pursuant to Fed.R.Evid. 502(d), a party's privilege or protection is not waived by a party's disclosure connected with this litigation pending before the Court – in which event the disclosure is also not waived in any other federal or state proceeding.

17. Nothing in this Protective Order shall limit the parties' ability to use or disclose any documents or information in the ordinary course of business. The parties may file under seal any documents or information designated as "Confidential" pursuant to the applicable rules of this Court.

18. Nothing in this Protective Order shall limit the parties' ability to use any documents or information designated as "Confidential" at trial in this action. If a party intends to present at trial "Confidential" documents or information derived therefrom, such party shall provide advance

notice to the other party at least five (5) business days before the commencement of trial by identifying the documents or information at issue as specifically as possible (*i.e.,* by Bates number, page range, deposition transcript lines, *etc*.). The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. Both parties reserve their right to seek further protection from the Court regarding the use of confidential information at trial.

19. The Clerk hereby is directed to accept as filed under seal all documents or information designated as "Confidential" and filed as such using the Court's CM/ECF system and pursuant to this Court's applicable rules.

20. Nothing herein shall prejudice Plaintiff's or Defendant's right or ability to petition the Court for additional or different relief.

21. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

**SO ORDERED**.

Signed: October 19, 2023

David C. Keesler
United States Magistrate Judge

**WE CONSENT:**

| | |
|---|---|
| */s/ Brian Cordova* | */s/ Meredith A. Pinson* |
| Brian Cordova (NC Bar 57686) | Meredith A. Pinson (NC Bar 39990) |
| Van Kampen Law, PC | mpinson@mcguirewoods.com |
| 315 E. Worthington Ave. | John L. Bishop (NC Bar 55248) |
| Charlotte, NC 28203 | jbishop@mcguirewoods.com |
| brian@vankampenlaw.com | MCGUIREWOODS LLP |
| 704.247.3245 | 201 North Tryon Street, Ste. 3000 |
| | Charlotte, North Carolina 28202 |
| **ATTORNEYS FOR PLAINTIFF** | 704.343.2252 |
| | **ATTORNEYS FOR DEFENDANT** |